# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3932

_____

Allen G. Gibson; David Hall,            *
                                        *
        Plaintiffs - Appellants,        *
                                        *
Richard St. Cloud, Sr.,                 *
                                        *
        Plaintiff,                      *
                                        *
Michael Langley,                        *
                                        *  Appeal from the United States
        Plaintiff - Appellant,          *  District Court for the
                                        *  District of South Dakota.
        v.                              *
                                        *
Doug Weber; Darrell Slykhuis;           *
Jeff Bloomberg; Kay Paa; John           *
Degreef: Eugene Regier; Herbert         *
Saloum; James H. Shaeffer; Mike Rost;   *
Healthcare Medical Technology;          *
Doneen Hollingsworth,                   *
                                        *
        Defendants - Appellees.         *

_____

Submitted: November 18, 2005
     Filed:  December 15, 2005

_____

Before MURPHY, BOWMAN, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

Allen Gibson, David Hall, and Michael Langley[1] were all diabetic inmates in custody of the South Dakota Department of Corrections ("DOC") when they brought these claims against state correctional officials and outside medical personnel, alleging deliberate indifference to their medical needs and inadequate medical facilities in violation of the Eighth and Fourteenth Amendments and state law. The district court[2] granted summary judgment in favor of all of the defendants and declined to exercise supplemental jurisdiction over the state law claims for medical malpractice. Gibson, Hall, and Langley appeal, arguing that they have presented sufficient evidence to present their claims to a jury and that the court erred by dismissing the state law claims. We affirm.

Appellants developed infections related to their diabetes which physicians determined made it necessary to perform amputations to portions of their lower extremities. They amputated portions of the feet of Gibson and Langley, as well as the bottom of Hall's left leg and a portion of his right foot. Appellants admit they received copies of the Inmate Living Guide (Guide) when they were incarcerated.

The Guide contains an administrative remedy provision which states as follows:

> If you are unable to resolve a complaint through informal contacts with staff members, you may seek formal review of your complaint through the use of the Administrative Remedy for Inmates System. . . . Forms for filing complaints and appeals, and details on how the procedure is to be followed can be obtained from unit staff.

---

[1]Richard St. Cloud, Sr., a fourth inmate listed as a plaintiff in the case caption, filed a separate appeal which was docketed with the file number 05-1888; it will be decided in a separate opinion.

[2]The Honorable John A. Simko, United States Magistrate Judge for the District of South Dakota.

You may use the Administrative Remedy for Inmates system while housed at any DOC facility, contractual agency or while at a community house assignment.

Appellants concede that before bringing this action they did not complain about their medical care through the Guide's administrative remedy provision. Gibson and Langley stated in affidavits that this was because "it was always made clear . . . by healthcare and DOC personnel that any healthcare complaints were to be made informally to the Sioux Valley doctors, nurses, and P.A.'s and not to the prison administration under its grievance procedures." Hall stated in his affidavit that "throughout the years of [his] contact with health care people [he] followed the Inmates Living Guide and made [his] complaints informally to the health care staff. No one ever told [him] to do it differently until this case was filed."

In their complaint appellants sued eleven separate defendants. They alleged that the defendant medical personnel and state officials were deliberately indifferent to their medical needs and had denied them their due process rights by failing to provide adequate medical facilities and care. They also alleged a medical malpractice claim based on state law. The district court granted summary judgment in favor of the defendants, finding that the Inmate Living Guide provided an administrative grievance procedure for inmate complaints relating to the adequacy of medical care and that the appellants failed to exhaust administrative procedures available to them. It also granted summary judgment in favor of Gibson's parole officer, John DeGreef, finding that there were not facts sufficient to support a claim for deliberate indifference to Gibson's medical needs and that DeGreef was entitled to qualified immunity. Having no remaining federal grounds for retaining jurisdiction, the court dismissed their state law claims.

Gibson, Hall, and Langley appeal, arguing that there is a genuine issue of material fact as to whether the Guide's administrative grievance procedure was available to them and that the court erred by dismissing the state law claims even if

it properly dismissed the federal claims. The defendants respond that the appellants had no excuse for failing to follow the Guide's procedures and that the decision to dismiss the state law claims is vested solely in the district court's discretion. We review the district court's grant of summary judgment de novo. Lund v. Hennepin Cty, 427 F.3d 1123, 1125 (8th Cir. 2005). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.

The Prison Litigation Reform Act of 1996 ("PLRA"), codified in 42 U.S.C. § 1997e(a), requires immediate dismissal of all claims brought by inmates with respect to prison conditions by inmates under 42 U.S.C. § 1983 or any other federal law until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Appellants do not now argue that the Guide's grievance procedures were not applicable to medical claims. They argue instead that the Guide's procedures were not available because unnamed prison and healthcare personnel had "made it clear" to them that they should voice all complaints regarding medical care informally to medical personnel. They also contend that they had had prior success informally airing grievances directly to medical personnel and that they had had a reasonable belief that grievances concerning medical care should be informally directed to the medical providers and not the warden.

We have only excused inmates from complying with an institution's grievance procedures when officials have prevented prisoners from utilizing the procedures, see Miller v. Norris, 247 F.3d 736 (8th Cir. 2001), or when officials themselves have failed to comply with the grievance procedures. See Foulk v. Charrier, 262 F.3d 687 (2001). An inmate's subjective belief that the procedures were not applicable to medical grievances "does not matter" and is not determinative. Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002).

Appellants have presented no evidence that any prison official thwarted an attempt to initiate the procedures or that any official made it impossible for them to file grievances. See Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000). Moreover, the Guide explained the applicable grievance procedure and its application to all aspects of inmate life, and appellants admit they received a copy of it. The district court did not err by granting summary judgment in favor of the defendants.[3]

Appellants also argue that the district court erred by declining to exercise jurisdiction over the remaining state law claims after dismissing all of their federal claims. They argue that we should reverse because the court failed to enumerate any reason for declining jurisdiction and because the interests of judicial economy, convenience, and fairness weigh in favor of maintaining supplemental jurisdiction over their state law claims. They argue that dismissal of their state claims was exceptionally unfair because the statute of limitations bars them from refiling in state court.

Pursuant to 28 U.S.C. § 1367(c)(3), a court may "decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed. The district court did not err by dismissing the state law claims. See Labickas v. Arkansas State University, 78 F.3d 333, 334 (8th Cir. 1996); McLaurin v. F.C. Prater, Co-1, 30 F.3d 982, 985 (8th Cir. 1994).

For these reasons the judgment of the district court is affirmed.

_____

[3]Because we conclude appellants failed to exhaust available administrative remedies, it is unnecessary to determine which of the eleven defendants were state actors. See, e.g., Lacy v. City of Bolivar, 416 F.3d 723 n.3 (8th Cir. 2005).